Nathaniel Clark (SBN 276621)
nathaniel.h.clark@gmail.com
Seaton Tsai (SBN 271408)
seaton.tsai@gmail.com
1000 Wilshire Blvd. # 1750
Los Angeles, California 90017
Telephone: (626) 673-5180
Facsimile: (213) 629-2725

Jo-Anna Nieves (SBN 276807)
info@thenieveslawfirm.com
505 14th St., Ste. 406
Oakland, CA 94612
Telephone: (510) 588-8580
Facsimile: (877) 272-5339

*Attorneys for Plaintiff*
*Rae-Chel Nieves-Miller*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| RAE-CHEL NIEVES-MILLER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TRT HOLDINGS, INC., D.B.A. GOLD'S GYM; GOLD'S GYM INTERNATIONAL, INC.; GOLD'S GYM FRANCHISING LLC, and, DOES 1-10,<br><br>Defendants. | CASE NO. 14-cv-2349<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*; INVASION OF PRIVACY**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Rae-Chel Nieves-Miller ("Plaintiff") alleges the following upon information and belief and personal knowledge:

## NATURE OF THE CASE

1. Plaintiff seeks damages and any other available legal or equitable remedies resulting from the illegal actions of TRT Holdings, Inc.,

[COMPLAINT FOR STATUTORY DAMAGES]

1  D.B.A. Gold's Gym; Gold's Gym International, Inc.; and Gold's Gym Franchising LLC, ("Defendants") in negligently, knowingly, willfully, and/or intentionally causing an automatic dialer to dial Plaintiff's cellular phone line and negligently, knowingly, willfully, and/or intentionally using a pre-recorded voice message in the inception of the same phone calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby violating Plaintiff's federal statutory rights, and invading her right to privacy, without her express written, implied, and/or oral consent.

2.  Congress enacted the Telephone Consumer Protection Act in 1991 to "protect the privacy interests" of consumers in response to the "increasing number of consumer complaints" regarding "telemarketing calls and communications" made to both residential and wireless phones.[1] Today, over 91% of American adults own cellular phones.[2]  Over 39% of adults live in wireless *only* homes with no landline.[3]

3.  The TCPA specifically prohibits the use of automatic dialing machines to contact consumers on their cellular phones without the express prior consent of the called party. The TCPA also specifically prohibits the use of pre-recorded voice messages in telephone calls to cellular phones without the called party's express prior consent. (47 U.S.C. § 227(b), *et seq.*)

4.  The TCPA further prohibits a company from using automatic dialing machines and/or pre-recorded voice messages without employing rules, training and procedures to document and avoid calls to the wrong party and provide appropriate consumer opt-out methods to prevent future calls. (47 C.F.R. § 64.1200, *et seq.*)

---

[1] Senate Report No. 102-178, October 8, 1991, 1991 U.S.C.C.A.N. 1968; *Id*. at 1969; *see, also* PL 102-243, December 20, 1991, 105 Stat 2394.
[2] *See,* http://www.pewresearch.org/fact-tank/2013/06/06/cell-phone-ownership-hits-91-of-adults.
[3] *See*, http://www.cdc.gov/nchs/data/nhis/earlyrelease/wireless201407.pdf

5. Defendants knowingly and willfully caused an autodialer to dial Plaintiff's cellular phone and/or used a pre-recorded voice message in telephone calls to Plaintiff's cellular phone on approximately twelve occasions throughout 2013. Defendants called Plaintiff's cellular phone using a number that was displayed on the caller identification as 000-000-0000.

6. On July 26, 2013, at approximately 3:25 p.m., Defendants called Plaintiff's cellular phone and transmitted approximately the following pre-recorded voice message:

> Gold's Gym member, yesterday we gave away $10,000 to a member who simply qualified by referring a new member. From today until the end of the month, you can receive 3 free training sessions with no catches or gimmicks by simply asking the manager for details on your next visit. You will also be entered to win a lifetime membership and free personal training for a year. Get all your friends and family to join for more chances to win.

7. On August 27, 2013, at approximately 8:54 p.m., Defendants called Plaintiff's cellular phone and transmitted approximately the following pre-recorded voice message:

> Members enter now and receive a chance to win a free lifetime membership by simply referring a new member to Gold's Gym between now and the end of the month. You'll receive a drawing ticket for each new member you refer. Even more exciting, if you don't want to take your chance on a drawing then simply bring three people into the gym to join between now and the end of the month and Gold's will stop your monthly membership payments for one year. Hurry, as this referral offer only lasts 'til Saturday August 31st.

8. On September 23, 2013, at approximately 9:40 p.m., Defendants called Plaintiff's cellular phone and transmitted approximately the following pre-recorded voice message:

> Gold's Gym member, for a very limited time, you can add a friend or a family member to your membership for no money out of pocket and monthly dues of only $5.95 month to month. This

incredible offer ends Monday, September 30th, take advantage before time runs out.

9. Defendants continued to make similar calls through the use of automatic dialing machines and pre-recorded voice messages throughout and after 2013, for a total of approximately 12 times.

10. Defendants further violated the TCPA by failing to comply with its requirement that whenever a live sales representative is not available to speak with the person answering the call, within two (2) seconds after the called person's completed greeting, the telemarketer or the seller must provide:

> (A) A prerecorded identification and opt-out message that is limited to disclosing that the call was for "telemarketing purposes" and states the name of the business, entity, or individual on whose behalf the call was placed, and a telephone number for such business, entity, or individual that permits the called person to make a do-not-call request during regular business hours for the duration of the telemarketing campaign; provided, that, such telephone number may not be a 900 number or any other number for which charges exceed local or long distance transmission charges, and
>
> (B) An automated, interactive voice- and/or key press-activated opt-out mechanism that enables the called person to make a do-not-call request prior to terminating the call, including brief explanatory instructions on how to use such mechanism. When the called person elects to opt-out using such mechanism, the mechanism must automatically record the called person's number to the seller's do-not-call list and immediately terminate the call. (47 C.F.R. § 64.1200.)

11. Defendants further violated the TCPA by failing to institute procedures to document calls to the wrong party and to provide consumer opt-out options to prevent future calls. (47 C.F.R. § 64.1200(a)(i), *et seq.*)

12. Plaintiff is entitled to statutory damages for Defendants' willful and repeated use of automated dialing systems and/or pre-recorded voice

messages to dial Plaintiff's cellular phone for telemarketing purposes without her consent.

## JURISDICTION

13. This Court has federal question jurisdiction because this case arises out of Defendants' violations of the TCPA upon Plaintiff.

14. Venue is proper because Plaintiff currently, and at the time of the violation, resides and was present in this judicial district, in which Defendants also resides and conduct business.

## PARTIES

15. Plaintiff is a natural person residing in San Bernardino county in the State of California and is a "person" under the meaning of 47 U.S.C. § 153(10).

16. Defendant TRT Holdings, Inc., a Texas corporation, is the parent corporation of Defendants Gold's Gym International, Inc., and Gold's Gym Franchising, LLC, which are both incorporated in Texas. All Defendants conduct business in California, including but not limited to operating membership gyms throughout the state.

17. Upon information and belief, Defendants conduct uniform advertising and marketing campaigns on behalf of Defendants' franchises and are specifically aware, or should be aware, of all marketing campaigns conducted by individual franchises.

18. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1-10, who are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names.

19. All of the above named Defendants, and their subsidiaries, agents, officers, directors, and managing agents, are legally responsible for the allegations and damages alleged herein. Plaintiff will seek leave to

1 amend the First Amended Complaint to reflect the true names and
2 capacities of the DOE defendants when such identities become known.

## ADDITIONAL FACTUAL ALLEGATIONS

20. In June of 2014, Defendants negligently, knowingly, willfully, and/or intentionally caused an autodialer to dial Plaintiff's cellular phone number ending in digits 5512 and negligently, knowingly, willfully, and/or intentionally used a pre-recorded voice message in the inception of the same phone calls.

21. Defendants caused autodialers to dial Plaintiff's cellular phone using a prerecorded voice message at least twelve times within the past four years.

22. Plaintiff never, either implicitly or expressly, in writing or orally, consented to be contacted on her cellular phone by an autodialer or through the use of a pre-recorded voice message.

23. The phone calls to Plaintiff's cellular phone wasted Plaintiff's time, invaded the privacy of herself, caused undue annoyance and stress, and wasted the use of a cellular phone service at Plaintiff's expense.

24. Upon information and belief, Defendants fail to maintain records of customer and consumer attempts to opt-out of receiving phone calls from Defendants.

25. Upon information and belief, Defendants fail to maintain training and procedures to avoid calling the wrong party, fail to maintain records of their outbound call list and fail to document consumer opt-out requests.

26. The autodialed phone calls and pre-recorded voice messages were caused to occur by Defendants for Defendants' financial gain, telemarketing goals, membership growth, and were entirely commercial in nature.

27. Upon information and belief, Defendants maintain, or have the ability to maintain, some form of record of when a called party opts out or wishes to no longer be contacted, but Defendants consciously ignore those records.

28. Plaintiff does not have a business relationship with Defendants under the meaning of 47 U.S.C. §§ 227(a)(2); 227(a)(4) that excuses Defendants from the above-described violations of the TCPA and never agreed to be contacted by Defendants with an autodialer or pre-recorded voice message.

29. All calls made by Defendants were made through the use of an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) and in violation of 47 U.S.C. § 227(b)(1)(A).

30. All pre-recorded voice messages were "artificial or prerecorded voice[s]" under the meaning of 47 U.S.C. § 227(b)(1)(A).

### FIRST CAUSE OF ACTION

**Violations of the Telephone Consumer Protection Act**

**47 U.S.C. § 227 *et seq.***

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth in paragraphs 1-30.

32. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including, but not limited to, each and every one of the provisions of 47 U.S.C. § 227 *et seq.* cited herein.

33. The foregoing acts and omissions of Defendants violate 47 U.S.C. § 227(b), providing:

> "Restrictions on use of automated telephone equipment
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>   (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the

> called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> . . .
>
> > (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
>
> (B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);
>
> (47 U.S.C.A. § 227(b).)

34. Defendants further violated the TCPA by effectuating telemarketing calls to Plaintiff's "residential telephone" under the meaning of 47 C.F.R. § 64.1200(c)-(d).

35. Defendants further violated the TCPA by failing to institute procedures to comply with the TCPA and the National Do Not Call Registry, including failing to include a viable opt-out system for consumers and failing to properly identify themselves. Defendants do not maintain a written policy for compliance and do not properly train their personnel. (47 C.F.R. §64.1200(d).)

36. Defendants further violated the TCPA by failing to comply with each and every provision of 47 C.F.R. § 64.1200., *et seq.*

37. As a result of Defendants' violations, Plaintiff is entitled to an award of either $500.00 or $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3), plus actual damages according to proof.

///

///

# PRAYER FOR RELIEF

38. WHEREFORE, Plaintiff requests judgment against Defendants and for the following:

    I. As a result of Defendants' violations of 47 U.S.C. § 227, *et seq.*, and pursuant to 47 U.S.C. § 227(b)(3), Plaintiff is entitled to and requests $500 in statutory damages per violation, or $1500 in statutory damages per violations that were at least willful or knowingly committed;

    II. For Defendants to be enjoined from engaging in further violations of 47 U.S.C. § 227, *et seq.*;

    III. For actual damages according to proof;

    IV. For costs;

    V. For attorney's fees as available by law or equity;

    VI. And for any other relief that the Court deems just.

Nov. 3, 2014        By    */s/Nathaniel Clark*
                                   Nathaniel Clark, Esq.
                                   Jo-Anna Nieves, Esq.
                                   Seaton Tsai, Esq.
                                   *Attorney for Plaintiff Rae-Chel Nieves-Miller*